1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER M. BARNES, | CASE NO. 12cv707-LAB (POR) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** |
| vs. | |
| BANK OF AMERICA, N.A., et al., | **ORDER SCREENING AND DISMISSING COMPLAINT** |
| Defendant. | |

On March 23, 2012, Plaintiff Christopher Barnes filed his complaint in this action. He did not pay the filing fee, but did file a motion to proceed *in forma pauperis* (IFP).

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The IFP motion says Barnes is employed and receives a monthly salary of $2000. He also has $1000 in a checking account, and has no dependants. He lists debts of over $51,000, primarily to two banks. In response to the question of what other assets (such as real estate or stock) he owns, and what the values of those assets are, he has answered

///

1  "N/A." While this information suggests Barnes owes more than double his annual salary and
2  has few assets with which to satisfy the debt, the motion is incomplete.

3  First, in response to question 2, Barnes identifies himself as the owner of a business.
4  The value of that business is not disclosed in response to question 10. Second, the
5  complaint makes clear Barnes owns a house in Carlsbad, California, and the litigation
6  concerns title to that house. The value of the house and the amount of the mortgage are not
7  disclosed in the IFP motion or anywhere in the complaint.

8  Because the IFP motion is incomplete, the Court cannot determine that Barnes lacks
9  the resources to pay the filing fee. The motion is therefore **DENIED WITHOUT PREJUDICE**.

10  Assuming Barnes files a new IFP motion, the Court would be required to screen it,
11  and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks
12  monetary relief from an immune defendant.  *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d
13  1122, 1127 (9th Cir. 2000). Barnes' complaint, as it stands now, is subject to dismissal
14  because it is almost entirely conclusory. The introduction says Defendants Bank of America,
15  N.A., MERS, and Recontrust Company, N.A., failed to comply with the Truth-in-Lending Act,
16  the Fair Debt Collection Practices Act, the Real Estate Settlement Practices Act, and
17  Regulation X at 24 C.F.R. § 3500 *et seq.* The statement of acts says Countrywide lent
18  Barnes money to buy his house, but after that the allegations become murky.

19  The complaint says MERS is not a lender and has not provided proof of a proper
20  substitution of trustee. No facts to support this are pleaded, except that Barnes says MERS
21  is not in possession of the original paperwork with original signatures. He also alleges
22  whatever paperwork Defendants may possess is invalid. Finally, he says he submitted what
23  he believed was a qualified written request (QWR) to all Defendants asking for proof that the
24  debt was valid. While the Court at this stage accepts as true all well-pleaded allegations of
25  fact, the Court does not accept allegations that are merely conclusory or unwarranted
26  deductions. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Barnes'
27  conclusions about whether a transfer or some other paperwork is invalid are conclusions,
28  not factual allegations. His belief that Bank of America must possess original documents in

order for the debt to be valid is incorrect. *See Beltran v. Accubank Mortg. Corp.*, 2012 WL 893808, slip op. at *2 (E.D.Cal., March 15, 2012) (pointing out "show me the note" type claim invariably fails under California law, and holding that under well-established California law, physical possession and legal status as holder of a note are distinct concepts). *Compare Sykes v. MERS, Inc.*, 2012 WL 914922, slip op. at *7 (D.Id. March 15, 2012) (discussing theory that trustee must produce original note and deed of trust, also referred to as "show me the note" theory, before dismissing complaint).

A qualified written request, as defined in 12 U.S.C. § 2605(e)(1)(A), is "a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Barnes has attached a letter to the complaint, which appears to be the document he is identifying as the QWR. It is a letter to Bank of America in the form of a 27-page court pleading, including 190 lengthy questions, and concluding with an affidavit. If this is what Barnes believes gave rise to his claim for not responding to a QWR, he is in error. The letter is clearly not a QWR. *See, e.g., Gurtler v. Northwest Trustee Servs., Inc.*, 2012 WL 934206, slip op. at *3 (W.D. Wash., March 20, 2012) (twenty-one-page list of interrogatories was not a QWR; it did not relate to any error in the servicing of plaintiff's loan, but rather was merely a lengthy and abusive demand for information).

Even if the attached document is not the QWR, Barnes' mere allegation that a letter constitutes a valid QWR is a legal conclusion, and does not suffice to state a claim. *See Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873, 882–83 (E.D.Cal., 2010) (dismissing claim, where plaintiffs merely stated they sent defendants a QWR, without alleging facts showing why it was a QWR).

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. No later than **30 calendar days from the date this order is entered**, Barnes may file an amended complaint

/ / /

/ / /

1 | correcting the defects this order has identified. At the same time, he must either pay the filing
2 | fee or file a complete IFP application, or the complaint will be dismissed.
3 | **IT IS SO ORDERED**.
4 | DATED: March 27, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge